UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21-cv-61617-DPG/JMS

MARCIA MCMANUS,

    Plaintiff,

v.

AMERIJET INTERNATIONAL, INC.,

    Defendant.
_____ /

**SECOND AMENDED COMPLAINT**

Plaintiff, MARCIA MCMANUS ("McManus"), through her counsel, files her Second Amended Complaint against Defendant, AMERIJET INTERNATIONAL, INC., a Florida corporation ("Defendant").

**PARTIES, JURISDICTION & VENUE**

1. This is an action for damages by Plaintiff against Defendant arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1964) ("Title VII"), the Family and Medical Leave Act, 29 U.S.C. 2601 et seq. (1993) (the "FMLA"), the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq. (the "FCRA"), and the Florida Whistleblower Act, Fla. Stat. 448.102 (the "FWA").

2. Plaintiff McManus is an individual who is over the age of eighteen (18), is *sui juris* and is a resident of Broward County, Florida.

3. At all material times, Plaintiff was employed by Defendant in Broward County, Florida.

4. This Court has personal jurisdiction over the Defendant because it engages in

continuous and systematic business contacts within the State of Florida and maintains a substantial physical presence in the State of Florida, including the operation of its corporate headquarters in Miami-Dade County, Florida, and offices in Broward County, Florida.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(4), under Title VII, and under the FMLA, as this is an action brought under Title VII, and the FMLA.

6. The Court has supplemental jurisdiction over Plaintiff's claims under the FCRA and FWA, as these claims arise out of the same operative facts as Plaintiff's Title VII and FMLA claims, and together, form part of the same case or controversy.

7. Venue is proper in the Southern District of Florida, in this division, because a substantial part of the events (including discriminatory practices) giving rise to Plaintiff's claims occurred within this District and Division.

8. Venue is proper in this District because the Defendant is subject to personal jurisdiction herein by virtue of its substantial, continuous, and systematic commercial activities in this District. *See* 28 U.S.C. § 1391(b), (c). Defendant is subject to personal jurisdiction in this Division and therefore "resides" in this Division for venue purposes. *See* 28 U.S.C. § 1391(c)).

9. All conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed, including but not limited to Plaintiff exhausting her administrative remedies by complying with the statutory prerequisites of filing a timely charge of discrimination against the Defendant with the United States Equal Employment Opportunity Commission ("EEOC").

10. The EEOC issued Plaintiff a Notice of Right to Sue.

11. Plaintiff's original Complaint was filed on August 5, 2021.

## FACTUAL ALLEGATIONS

12. McManus is a Black female of Indian national origin.

13. Accordingly, McManus is a part of a protected class.

14. McManus was an employee of Defendant for nearly twenty-three (23) years until her termination on December 18, 2019.

15. McManus' termination is an adverse employment action.

### McManus' Job As Crew Planning and Scheduling Manager – Crew Scheduling and Overage

16. At the time of her termination, McManus' job title was Crew Planning and Scheduling Manager.

17. McManus was a management level employee.

18. In her role, McManus supervised a group of approximately 4-10 employees.

19. Additionally, McManus and three (3) other management employees were responsible for monitoring and mitigating "Crew Scheduling" and "Overage."

20. Defendant's agreement with the pilot's union required that flight crews be initially scheduled at the beginning of each roster period for their assigned flights.

21. After the schedule was finalized, Defendant was required to pay extra wages to those flight crews who were scheduled to fly outside of their initial roster period scheduled flights.

22. These extra payments were called "Overages" which Defendant wanted to be able to keep as low as possible.

23. The other management employees also responsible for monitoring and mitigating Overages are as follows:

    i. Brian Beach ("Beach") - Chief Operating Officer – White, Male

    ii. Steven Mathis ("Mathis") (Director of Operations) – White, Male

      iii. Hector Gonzalez ("Gonzalez") (Chief Pilot) – Non-Black, Male.

24. There are numerous emails indicating that responsibility for Overages was shared by McManus and the other managerial level employees listed above. A copy of one of these emails is attached as Exhibit A.

**McManus Asks for a Meeting With Defendant's CEO, Victor Karjian**

25. There was a directive by Defendant's then CEO, Victor Karjian ("Karjian"), to either eliminate and/or significantly reduce the Overages.

26. Kargian is a non-black, male of Lebanese descent.

27. On August 7, 2019, McManus emailed Karjian asking for a meeting to discuss the issues with Overages and the general low morale in her department.

28. On that same day, Brian Beech emailed Mathis and Gonzalez.

29. Directly referring to McManus' email to Karjian, Beach wrote:

> "This is why I need all documentation and items that Marcia has not done or was in charge of."

30. A copy of McManus' email to Karjian and Beach's subsequent email to Mathis and Gonzalez are attached as Composite Exhibit B.

**McManus Is Written Up Four Times And Makes A Complaint of Hostile Work Environment to Defendant's Director of Human Resources and General Counsel**

31. During almost the entirety of McManus' twenty-three (23) years of employment she was never written up.

32. Then, after requesting a meeting with CEO Karjian, McManus is written up four (4) times in a one (1) month period.

33. To that end, on September 8, 2019, McManus sent an email to Isis Suria ("Suria"), Director of Human Resources and Joan Canny ("Canny"), General Counsel. A copy of the

4

September 8, 2019, email is attached as Exhibit C.

34. Therein, McManus notes that she was written up four (4) times in a two (2) week period, that the write ups started after she requested her meeting with Karjian, and that she and other managers were working under a hostile work environment.

35. McManus' September 8, 2019, email is a complaint of hostile work environment and therefore constitutes protected activity.

**Defendant Buries McManus' Complaint of Hostile Work Environment and Does No Investigation**

36. On September 10, 2019, Canny (Defendant's then General Counsel) told Suria not to investigate McManus' complaint of hostile work environment.

37. In what can only be described as a classic case of trying to silence a minority employee, Canny and Suria engaged in the below email exchange:

[THIS SPACE INTENTIONALLY LEFT BLANK]

5

> **From:** Isis Suria <ISuria@amerijet.com>
> **Date:** September 10, 2019 at 5:04:32 PM EDT
> **To:** Joan Canny <JCanny@amerijet.com>, "Marcia A. McManus" <MMcManus@amerijet.com>
> **Cc:** Isis Suria <ISuria@amerijet.com>
> **Subject:** RE: *** Written up -- 4 times in 2 weeks
>
> Thank you Joan for letting me know.
>
> Isis

> **From:** Joan Canny <JCanny@amerijet.com>
> **Sent:** Tuesday, September 10, 2019 5:03 PM
> **To:** Isis Suria <ISuria@amerijet.com>; Marcia A. McManus <MMcManus@amerijet.com>
> **Subject:** RE: *** Written up -- 4 times in 2 weeks
>
> Dear Isis:
>
> Marcia had an opportunity to raise her concerns directly with Vic today, so I believe it would not be appropriate to conduct a separate investigation through H.R. Just wanted you to be aware.
>
> Joan

> **From:** Isis Suria <ISuria@amerijet.com>
> **Sent:** Tuesday, September 10, 2019 4:36 PM
> **To:** Marcia A. McManus <MMcManus@amerijet.com>
> **Cc:** Joan Canny <JCanny@amerijet.com>
> **Subject:** RE: *** Written up -- 4 times in 2 weeks
>
> Hello Marcia,
>
> I received your email below. I will follow-up with you, and investigate the matter.
>
> Regards,
>
> Isis Suria, Vice Presindet
>
> Human Resources

38. A copy of the above email exchange is also attached as Exhibit D.

39. Canny told Suria and the Human Resources Department NOT to investigate McManus' complaint of hostile work environment. *See* Exh. D.

40. Suria did what she was told.

41. Thus, Defendant never investigated McManus' complaint that she and others were being subject to a hostile work environment.

**McManus' Termination**

42. On December 18, 2019, Defendant terminated McManus' employment. A copy of Defendant's Personnel Action Form reflecting the termination is attached as Exhibit E.

43. The Personnel Action Form does not reflect a reason for the termination. *See* Exh. E.

44. On December 26, 2019, Canny sent an email to McManus stating that "[w]hile the Flight Operations department is restructuring, the position of Crew Planning/Crew Scheduling Manager has not been eliminated. Instead, your employment in that position was terminated based on a decision to make a change in that position." A copy of Canny's December 26, 2019, email is attached as Exhibit F.

**There Is Circumstantial Evidence of Discrimination, Retaliation and that Defendant's Asserted Legitimate Non-Discriminatory Reason is Pretext**

45. In its Position Statement to the EEOC in response to McManus's Charge of Discrimination, Defendant claims that the legitimate non-discriminatory reason for McManus' termination was that McManus could not get control of the Overages.

46. Beach, Mathis and Gonzalez were all similarly situated employees to McManus.

47. Specifically, they were all management level employees that all were responsible for monitoring and mitigating Overages.

48. However, only McManus was terminated due to an alleged failure to control Overages.

49. McManus was treated less favorably than Beach, Mathis and Gonzalez who are all Males and non-Black and therefore outside of McManus' protected classes.

50. Further, McManus had been previously praised for her scheduling performance.

51. Specifically, on page 4 of her Personnel Evaluation dated July 6, 2018, McManus

7

was praised for "Exceptional skills including Rostering Crews for budget efficiency." A copy of the July 6, 2018, Performance Evaluation is attached as Exhibit G.

52. The fact that just over a year later McManus was terminated for her supposed inability to mitigate Overages is circumstantial evidence of discrimination and pretext.

53. Further, the fact that McManus received a perfect score on her last Personnel Evaluation, and on all of her prior Personnel Evaluations for the prior twenty-plus years is circumstantial evidence of discrimination and pretext.

54. McManus engaged in her protected activity on September 9, 2019.

55. She was terminated on December 18, 2019.

56. Accordingly, there is close temporal proximity between McManus' protected activity and her termination (approximately 3 months).

57. More to the point, it was only after McManus requested a meeting with Karjian that suddenly she was written up multiple times.

58. The temporal proximity between McManus' protected activity and her termination, the fact that her write-ups began after she requested a meeting with Karjian, and the Defendant's refusal to investigate McManus' complaint of hostile work environment are all circumstantial evidence of discrimination, retaliation and pretext.

59. Finally, in its Position Statement to the EEOC in response to McManus's Charge of Discrimination, Defendant claims that Karjian was the final decision-maker regarding McManus' termination.

60. However, in an email dated December 31, 2019 (thirteen days after McManus' termination), Beach states: "I got rid of Marcia …I need to be careful who I fire at the moment." A copy of Beach's December 31, 2019, email is attached as Exhibit H.

61. The discrepancy in who actually made decision to terminate McManus' employment is further evidence of pretext.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. § 2000E ET SEQ. (1964)
### (Discrimination based on Gender)

62. Plaintiff incorporates and re-alleges paragraphs 1 thorough 61 above as if fully set forth herein.

63. At all relevant times, the Defendant has been, and continues to be an employer within the meaning of Title VII.

64. Defendant intentionally and directly discriminated against Plaintiff on the basis of her gender in violation of Title VII.

65. Defendant treated Plaintiff differently from other, similarly situated male employees based upon and because of her gender in violation of Title VII.

66. Plaintiff was discriminated against based on her gender insofar as she was terminated for reasons that applied equally to similarly situated male employees who were treated more favorably.

67. Defendant discharged Plaintiff from her employment with Defendant because of her gender in violation of Title VII.

68. The alleged legitimate non-discriminatory reasons for Plaintiff's termination are pretextual.

69. As a proximate result of Defendant's conduct, Plaintiff suffered damages, including loss of income, ability to earn income into the future, and emotional distress.

WHEREFORE, Plaintiff, MARCIA MCMANUS demands judgment against Defendant, AMERIJET INTERNATIONAL, INC. for actual damages, back pay, front pay, punitive damages,

compensatory damages, other compensation lost to her as a result of Defendant's discrimination, prejudgment interest, reasonable attorney's fees and costs and any such other relief that this Court deems just and appropriate.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. § 2000E ET SEQ. (1964)
### (Discrimination based on Race)

70. Plaintiff incorporates and re-alleges paragraphs 1 through 61 above as if fully set forth herein.

71. At all relevant times, the Defendant has been, and continues to be an employer within the meaning of Title VII.

72. Defendant intentionally and directly discriminated against Plaintiff on the basis of her race (Black) in violation of Title VII.

73. Defendant treated Plaintiff differently from other, similarly situated White employees based upon and because of her race (Black) in violation of Title VII.

74. Plaintiff was discriminated against based on her race (Black) insofar as she was terminated for reasons that applied equally to similarly situated White employees who were treated more favorably.

75. Defendant discharged Plaintiff from her employment with Defendant because of her race (Black) in violation of Title VII.

76. The alleged legitimate non-discriminatory reasons for Plaintiff's termination are pretextual.

77. As a proximate result of Defendant's conduct, Plaintiff suffered damages, including loss of income, ability to earn income into the future, and emotional distress.

WHEREFORE, Plaintiff, MARCIA MCMANUS demands judgment against Defendant,

AMERIJET INTERNATIONAL, INC. for actual damages, back pay, front pay, punitive damages, compensatory damages, other compensation lost to her as a result of Defendant's discrimination, pre-judgment interest, reasonable attorney's fees and costs and any such other relief that this Court deems just and appropriate.

## COUNT III
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. § 2000E ET SEQ. (1964)
**(Retaliation)**

78. Plaintiff incorporates and re-alleges paragraphs 1 through 61 above as if fully set forth herein.

79. At all relevant times, the Defendant has been, and continues to be an employer within the meaning of Title VII.

80. Defendant intentionally and directly retaliated against Plaintiff for making a complaint about being subjected to a hostile work environment in violation of Title VII.

81. Defendant discharged Plaintiff from her employment with Defendant because of her protected activity.

82. There is a causal connection between Plaintiff's protected activity and her termination insofar as among other things, there is temporal proximity between the protected activity and her termination, and she had perfect performance reviews before her termination.

83. As a proximate result of Defendant's conduct, Plaintiff suffered damages, including loss of income, ability to earn income into the future, and emotional distress.

WHEREFORE, Plaintiff, MARCIA MCMANUS demands judgment against Defendant, AMERIJET INTERNATIONAL, INC. for actual damages, back pay, front pay, punitive damages, compensatory damages, other compensation lost to her as a result of Defendant's discrimination, prejudgment interest, reasonable attorney's fees and costs and any such other relief that this Court

deems just and appropriate.

## COUNT IV
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992
## FLA. STAT. 760.01 – 760.11
### (Discrimination based on Sex)

84. Plaintiff incorporates and re-alleges paragraphs 1 thorough 61 above as if fully set forth herein.

85. At all relevant times, the Defendant has been, and continues to be an employer within the meaning of the FCRA.

86. Defendant intentionally and directly discriminated against Plaintiff on the basis of her gender in violation of the FCRA.

87. Defendant treated Plaintiff differently from other, similarly situated male employees based upon and because of her gender in violation of the FCRA.

88. Plaintiff was discriminated against based on her gender insofar as she was terminated for reasons that applied equally to similarly situated male employees who were treated more favorably.

89. Defendant discharged Plaintiff from her employment with Defendant because of her gender in violation of the FCRA.

90. As a proximate result of Defendant's conduct, Plaintiff suffered damages, including loss of income, ability to earn income into the future, and emotional distress.

91. The legitimate non-discriminatory reasons for Plaintiff's termination are pretextual.

WHEREFORE, Plaintiff, MARCIA MCMANUS demands judgment against Defendant, AMERIJET INTERNATIONAL, INC. for actual damages, back pay, front pay, punitive damages, compensatory damages, other compensation lost to her as a result of Defendant's discrimination, prejudgment interest, reasonable attorney's fees and costs and any such other relief that this Court

deems just and appropriate.

## COUNT V
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992
## FLA. STAT. 760.01 – 760.11
## (Discrimination based on Race)

92. Plaintiff incorporates and re-alleges paragraphs 1 through 61 above as if fully set forth herein.

93. At all relevant times, the Defendant has been, and continues to be an employer within the meaning of the FCRA.

94. Defendant intentionally and directly discriminated against Plaintiff on the basis of her race (Black) in violation of the FCRA.

95. Defendant treated Plaintiff differently from other, similarly situated White employees based upon and because of her race (Black) in violation of the FCRA.

96. Plaintiff was discriminated against based on her race (Black) insofar as she was terminated for reasons that applied equally to similarly situated White employees who were treated more favorably.

97. Defendant discharged Plaintiff from her employment with Defendant because of her race (Black) in violation of the FCRA.

98. The alleged legitimate non-discriminatory reasons for Plaintiff's termination are pretextual.

99. As a proximate result of Defendant's conduct, Plaintiff suffered damages, including loss of income, ability to earn income into the future, and emotional distress.

WHEREFORE, Plaintiff, MARCIA MCMANUS demands judgment against Defendant, AMERIJET INTERNATIONAL, INC. for actual damages, back pay, front pay, punitive damages, compensatory damages, other compensation lost to her as a result of Defendant's discrimination,

prejudgment interest, reasonable attorney's fees and costs and any such other relief that this Court deems just and appropriate.

## COUNT VI
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992
## FLA. STAT. 760.01 – 760.11
## (Retaliation)

100. Plaintiff incorporates and re-alleges paragraphs 1 through 61 above as if fully set forth herein.

101. At all relevant times, the Defendant has been, and continues to be an employer within the meaning of the FCRA.

102. Defendant intentionally and directly retaliated against Plaintiff for making a complaint about being subjected to a hostile work environment in violation of the FCRA.

103. Defendant discharged Plaintiff from her employment with Defendant because of her protected activity.

104. There is a causal connection between Plaintiff's protected activity and her termination insofar as among other things, there is temporal proximity between the protected activity and her termination, and she had perfect performance reviews before her termination.

105. As a proximate result of Defendant's conduct, Plaintiff suffered damages, including loss of income, ability to earn income into the future, and emotional distress.

WHEREFORE, Plaintiff, MARCIA MCMANUS demands judgment against Defendant, AMERIJET INTERNATIONAL, INC. for actual damages, back pay, front pay, punitive damages, compensatory damages, other compensation lost to her as a result of Defendant's discrimination, prejudgment interest, reasonable attorney's fees and costs and any such other relief that this Court deems just and appropriate.

## COUNT VII
### VIOLATION OF FLORIDA'S WHISTLEBLOWER ACT
### FLA. STAT. §448.102

106. Plaintiff incorporates and realleges paragraphs 1 through 61 above as if fully set forth herein.

107. Plaintiff was an employee of Defendant as defined by Fla. Sta. §448.101.

108. Defendant was an employer of Plaintiff as defined by Fla. Stat. §448.101.

109. McManus engaged in protected activity when she alerted Defendant that she, and other managers were being subjected to a hostile work environment.

110. To that end, she alerted Defendant that it was violating a law, rule or regulation.

111. Specifically, Title VII and the FCRA's prohibition against a hostile work environment.

112. McManus reasonably believed that Defendant was violating Title VII and the FCRA.

113. This reasonable belief is evidenced by her protected activity and subsequent EEOC Charge of Discrimination.

114. Defendant had an opportunity to investigate McManus' claims, but instead specifically decided not to investigate.

115. Defendant terminated Plaintiff from her employment with Defendant because of her engagement in protected activity.

116. As a proximate result of Defendant's conduct, Plaintiff suffered damages, including loss of income, ability to earn income into the future, and emotional distress.

117. Plaintiff is entitled to lost wages, lost benefits, compensatory damages, and attorneys' fees and costs because of Defendant's retaliatory personnel action in terminating her

employment.

WHEREFORE, Plaintiff, MARCIA MCMANUS demands judgment against Defendant, AMERIJET INTERNATIONAL, INC. for actual damages, back pay, front pay, punitive damages, compensatory damages, other compensation lost to her as a result of Defendant's conduct, prejudgment interest, reasonable attorney's fees and costs and any such other relief that this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts and issues eligible.

Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 Northeast 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Co-Counsel for Plaintiff*

By: /s/*Joshua M. Entin*
Joshua M. Entin, Esq.
Florida Bar No. 0493724
josh@entinlaw.com
**ENTIN LAW GROUP,P.A.**
633 S. Andrews Avenue, Suite 500 Ft. Lauderdale, Florida 33301
Tel: (954) 761-7201
*Co-Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 9, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Michael Elkins*
Michael Elkins

## **SERVICE LIST**

CASE NO.: 0:21-cv-61617-DPG/JMS

Robert S. Turk, Esq.
rturk@stearnsweaver.com
Paul Crucet, Esq.
pcrucet@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130
Telephone: 305.789.3200
*Counsel for Defendant*