# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 01, 2024

FILED BY ____JG____ D.C.
Oct 1, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 23-13554-JJ
Case Style: Marcia McManus v. Amerijet International, Inc.
District Court Docket No: 0:21-cv-61617-DPG

Enclosed is the Bill of Costs.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Clerk's Office Phone Numbers
General Information:     404-335-6100    Attorney Admissions:        404-335-6122
Case Administration:     404-335-6135    Capital Cases:              404-335-6200
CM/ECF Help Desk:        404-335-6125    Cases Set for Oral Argument: 404-335-6141

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13554

_____

MARCIA MCMANUS,

                                                    Plaintiff-Appellant,

*versus*

AMERIJET INTERNATIONAL, INC.,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-61617-DPG

_____

JUDGMENT

2                                                                                          23-13554

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: August 30, 2024

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: October 1, 2024

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 23-13554

Non-Argument Calendar

_____

MARCIA MCMANUS,

                          Plaintiff-Appellant,

*versus*

AMERIJET INTERNATIONAL, INC.,

                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-61617-DPG

_____

2                         Opinion of the Court                      23-13554

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Marcia McManus appeals the district court's order dismissing with prejudice her second amended complaint alleging race and sex discrimination and retaliation in violation of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) & 2000e-3(a), the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10(1)(a), and the Florida Private Whistleblower Act ("FPWA"), Fla. Stat. § 448.102(3). Because the district court erroneously required McManus to plead all elements of a *prima facie* case at the motion-to-dismiss stage, we vacate and remand for further proceedings.

## I.

McManus is a Black female of Indian national origin. She was employed by Amerijet for nearly twenty-three years until her termination on December 18, 2019. Amerijet is a cargo airline based in Florida.

During the events leading to her termination, McManus held the position of Crew Planning and Scheduling Manager, in which she supervised between four and ten employees. She also shared responsibility with three other managers for monitoring and mitigating "overages" related to crew scheduling. Overages were extra wages paid to flight crews "who were scheduled to fly outside of their initial roster period scheduled flights." The other managers responsible for monitoring and mitigating overages were (a) Brian Beach, the Chief Operating Officer, a white male; (b)

Case 0:21-cv-61617-DPG   Document 137   Entered on FLSD Docket 10/01/2024   Page 6 of 16
USCA11 Case: 23-13554   Document: 25-1   Date Filed: 08/30/2024   Page: 3 of 10

23-13554                Opinion of the Court                3

Steven Mathis, the Director of Operations, a white male; and (c) Hector Gonzalez, the Chief Pilot, a non-Black male.

At some point, Amerijet's Chief Executive Officer, Victor Karjian, a non-Black male, issued a directive to eliminate or significantly reduce overages. On August 7, 2019, McManus emailed Karjian asking for a meeting to discuss issues with overages and low morale in her department. That same day, Beach emailed Mathis and Gonzalez, referencing McManus's email and stating, "This is why I need all documentation and items that Marcia has not done or was in charge of."

After requesting a meeting with CEO Karjian, McManus was written up four times in a one-month period. She had never been written up before in nearly twenty-three years of employment.

Because of these events, on September 8, 2019, McManus sent an email to Isis Suria, the Director of Human Resources, and Joan Canny, Amerijet's General Counsel, complaining of an "extremely hostile environment" created by Beach. That environment included "passive aggressive bull[y]ing and harassment" and favoritism. McManus's email noted that another manager who complained about Beach had been fired, and she suspected Beach was attempting to force her out.

Suria responded that she would follow up with McManus and "investigate the matter." But Canny replied that a separate human-resources investigation "would not be appropriate" because McManus "had an opportunity to raise her concerns directly with

Case 0:21-cv-61617-DPG   Document 137   Entered on FLSD Docket 10/01/2024   Page 7 of 16
USCA11 Case: 23-13554   Document: 25-1   Date Filed: 08/30/2024   Page: 4 of 10

4                          Opinion of the Court                    23-13554

[Karjian] today." So Amerijet never investigated McManus's complaint.

On December 18, 2019, Amerijet terminated McManus's employment. The termination paperwork did not reflect any reason for termination. Nor did a follow-up email on December 26, 2019, to McManus from General Counsel Canny, which stated that McManus's employment "was terminated based on a decision to make a change in the position." Five days later, Beach claimed in an email that he "got rid of [McManus]" and that he "need[ed] to be careful who I fire at the moment."

After McManus filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Amerijet submitted a position statement to the EEOC claiming that McManus had been fired for failure to control overages. Just over a year earlier, though, McManus had been praised in her performance evaluation for "[r]ostering [c]rews for budget efficiency," and otherwise received a perfect score on her evaluation.

## II.

McManus sued Amerijet in federal court in August 2021, raising claims under federal and state antidiscrimination and antiretaliation laws. After the district court dismissed the initial complaint as an impermissible "shotgun pleading," McManus filed an amended complaint in June 2022, followed by the operative second amended complaint in January 2023.

In the operative pleading, McManus raised claims of race and sex discrimination and retaliation under Title VII and the

Case 0:21-cv-61617-DPG   Document 137   Entered on FLSD Docket 10/01/2024   Page 8 of 16
USCA11 Case: 23-13554   Document: 25-1   Date Filed: 08/30/2024   Page: 5 of 10

23-13554              Opinion of the Court                       5

FCRA, as well as whistleblower retaliation under the FPWA. Amerijet moved to dismiss the action with prejudice.

The district court dismissed the second amended complaint with prejudice. The court noted that, while a plaintiff need not prove a *prime facie* case to survive a motion to dismiss, those "elements can aid a court in organizing the allegations and identifying any material omissions at the pleading stage."

And in the district court's view, McManus's race- and sex-discrimination claims failed because she did not adequately allege the "fourth element" of the *prima facie* case—that she was treated less favorably than a similarly situated individual outside her protected classes. The court found that the complaint did not "allege comparable job conduct, performance, or qualifications between McManus and the alleged comparators"—Beach, Gonzalez, and Mathis—apart from "holding managerial-level positions and having some responsibility for monitoring and mitigating [o]verages." Nor did McManus allege "with sufficient particularity" that she was treated less favorably because of her race or sex, the court stated, despite her positive performance reviews. Thus, the court concluded that the complaint failed to raise a plausible inference that Amerijet discriminated against McManus based on her race or sex.

As for the Title VII and FCRA retaliation claims, the district court found that they failed for two reasons. First, according to the court, McManus's September 2019 email complaining of a hostile work environment was insufficient to constitute protected activity because she did not communicate the belief that any mistreatment

Case 0:21-cv-61617-DPG   Document 137   Entered on FLSD Docket 10/01/2024   Page 9 of 16
USCA11 Case: 23-13554   Document: 25-1   Date Filed: 08/30/2024   Page: 6 of 10

6                         Opinion of the Court                    23-13554

was based on unlawful discrimination. And second, the court stated, even assuming the email constituted protected activity, she failed to plausibly allege a causal connection between the email and her termination, which occurred more than three months later. Finally, the district court dismissed the FPWA retaliation claim for essentially the same reasons.

McManus appeals the dismissal of her discrimination claims. She acknowledges but does not challenge the dismissal of, and has therefore abandoned any argument about, her retaliation claims under Title VII, the FCRA, and the FPWA.[1] *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when [s]he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

### III.

We review *de novo* the district court's dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Adams v. Palm Beach County*, 94 F.4th 1334, 1337 (11th Cir. 2024). To avoid dismissal for failure to state a claim, the complaint must include enough facts to state a plausible claim to relief. *Hunt v. Aimco Props, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). A claim is

---

[1] Although McManus discusses the retaliation claims briefly in her reply brief, "we do not address arguments raised for the first time in a . . . litigant's reply brief." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Case 0:21-cv-61617-DPG   Document 137   Entered on FLSD Docket 10/01/2024   Page 10 of 16
USCA11 Case: 23-13554   Document: 25-1   Date Filed: 08/30/2024   Page: 7 of 10

23-13554                Opinion of the Court                        7

plausible when the plaintiff's non-conclusory factual allegations allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

Title VII and the FCRA both make it unlawful for an employer to make employment decisions that are motivated by an employee's race or sex, among other protected grounds. 42 U.S.C. § 2000e-2(a)(1); Fla. Stat. § 760.10(1)(a); *see* 42 U.S.C. § 2000e-2(m).

In evaluating employment-discrimination claims under Title VII, we ordinarily apply a burden-shifting analysis that requires a plaintiff to first establish a *prima facie* case. *See, e.g., Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1336 (11th Cir. 2024). A plaintiff can establish a prima facie discrimination case by showing that (1) she belonged to a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the job; and (4) the employer treated employees "similarly situated in all material respects" outside of her protected class more favorably. *Lewis v. City of Union City*, 918 F.3d 1213, 1220–21, 1224 (11th Cir. 2019) (*en banc*).

At the pleading stage, though, a Title VII complaint "need not contain specific facts establishing a *prima facie* case." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004). That's because the *prima facie* case is "an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002). "[T]he prima facie case relates to an employee's burden of presenting evidence that raises an inference of discrimination," not to the threshold for surviving a motion to dismiss. *Id.* Thus, a court applies the "wrong legal standard" if it holds the plaintiff to

Case 0:21-cv-61617-DPG   Document 137   Entered on FLSD Docket 10/01/2024   Page 11 of 16
USCA11 Case: 23-13554    Document: 25-1    Date Filed: 08/30/2024    Page: 8 of 10

8                      Opinion of the Court                  23-13554

the *prima facie* elements at the pleading stage. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015).

Rather, to state a Title VII discrimination claim, "a complaint need only provide enough factual matter (taken as true) to suggest intentional . . . discrimination" on a protected ground. *Id.* (quotation marks omitted). The same reasoning applies to retaliation claims. In other words, "the allegations in the complaint should be judged by the statutory elements of [the] claim rather than the structure of the prima facie case." *Hunt*, 814 F.3d at 1221 (quotation marks omitted).

Here, the district court erred in dismissing the second amended complaint. While the court acknowledged that McManus need not establish a *prima facie* case in her pleading, its analysis is largely indistinguishable from a *prima facie* analysis at summary judgment.[2] For instance, it found that McManus's race and sex discrimination claims were insufficient because they did not establish the "fourth element" of the *prima facie* case, namely that she "fail[ed] to adequately allege that she was treated less favorably than a similarly situated individual outside her protected classes." But even at summary judgment, "the plaintiff's failure to produce a comparator does not necessarily doom the plaintiff's

---

[2] Notably, by the time the district court ruled on the motion to dismiss, the parties had engaged in discovery, Amerijet had moved for summary judgment, and McManus had filed her response in opposition. In other words, the case was fully briefed and ready for summary disposition, notwithstanding that the motion to dismiss remained pending. But the court ruled on the motion to dismiss only, so that is the only decision before us.

Case 0:21-cv-61617-DPG Document 137 Entered on FLSD Docket 10/01/2024 Page 12 of 16
USCA11 Case: 23-13554 Document: 25-1 Date Filed: 08/30/2024 Page: 9 of 10

23-13554                Opinion of the Court                9

case." *Tynes v. Fla. Dep't of Juvenile Justice*, 88 F.4th 939, 946 (11th Cir. 2023) (quotation marks omitted). So that failure alone cannot support dismissal of the complaint.

The district court also reasoned that McManus's allegations failed to show with "sufficient particularity" that she was treated less favorably because of her race or sex. But the court's invocation of "particularity" suggests that it applied a heightened pleading standard inconsistent with "the ordinary rules for assessing the sufficiency of a complaint." *Swierkiewicz*, 534 U.S. at 511 ("We have rejected the argument that a Title VII complaint requires greater 'particularity,' because this would too narrowly constrict the role of the pleadings.") (cleaned up); *see Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (explaining that the Federal Rules of Civil Procedure "impose a particularity requirement" only in cases "alleging fraud or mistake") (citing Fed. R. Civ. P. 9(b)).

And in our view, McManus's allegations, liberally construed, are enough to plausibly suggest that her termination was motivated in part by her race or sex. She alleged that she shared responsibility for monitoring and mitigating overages with three other managers, who were outside her protected classes, but that she was the only manager terminated for failure to control overages. Her allegations also suggest some pretext in Amerijet's explanation. She alleged that she previously had been praised for her scheduling performance, that Amerijet did not cite the failure to control overages until its response to the EEOC, and that, in contrast to

Case 0:21-cv-61617-DPG   Document 137   Entered on FLSD Docket 10/01/2024   Page 13 of 16
USCA11 Case: 23-13554   Document: 25-1   Date Filed: 08/30/2024   Page: 10 of 10

10                    Opinion of the Court                 23-13554

statements in Amerijet's EEOC response, Beach was the one who "got rid of [McManus]," not Karjian. *See, e.g.*, *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006) ("[A]n employer's failure to articulate clearly and consistently the reason for an employee's discharge may serve as evidence of pretext.").

Although these allegations are insufficient to make out a *prima facie* case of discrimination, a Title VII complaint "need not contain specific facts establishing a *prima facie* case." *Jackson*, 372 F.3d at 1270. So McManus's failure to establish comparators or to support her claims in more specific detail does not support dismissal of the discrimination claims.

For these reasons, we vacate the dismissal of McManus's discrimination claims, and we remand for further proceedings consistent with this opinion.[3]

**VACATED AND REMANDED.**

---

[3] McManus also contends that she should have been given the chance to amend her second amended complaint before dismissal. It appears this request may be moot in light of our ruling on her discrimination claims. In any case, the district court did not abuse its discretion by denying leave to amend. *See McKinley v. Kaplan*, 177 F.3d 1253, 1255 (11th Cir. 1999). "To properly request leave to amend, a plaintiff must satisfy two requirements: (1) file a motion for leave to amend and (2) either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Advance Trust & Life Escrow Servs. v. Protective Life Ins. Co.*, 93 F.4th 1315, 1336 (11th Cir. 2024). McManus did not request leave to amend, and she has not set forth the substance of her proposed amendments, either in the district court or on appeal. *See id*. So the court did not abuse its discretion by denying further amendment.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 30, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-13554-JJ
Case Style: Marcia McManus v. Amerijet International, Inc.
District Court Docket No: 0:21-cv-61617-DPG

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Costs are taxed against Appellee(s) / Respondent(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Bill of Costs

Court of Appeals Docket No. __23-13554__

__Marcia McManus__ vs. __Amerijet International, Inc.__

A Bill of Costs should only be filed when the Clerk's Office has advised a party that the party is entitled to costs. FRAP 39 and 11th Cir. R. 39-1 govern costs taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

The appellate docketing fee is set in the fee schedule issued pursuant to 28 U.S.C. § 1913. However, the $5 fee for filing a notice of appeal is recoverable as a cost in the district court. In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

|  | Repro. Method (Mark One) | | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
|  | In-House | Comm* | | | | | |
| Appellate Docketing Fee | — | — | — | — | — | $505.00 | $500.00 |
| Appellant's Brief |  | x | 38 | 4 | 152 | $38.00 | $38.00 |
| Appendix |  | x | 225 | 2 | 450 | $112.50 | $112.50 |
| Appellee's Brief |  |  |  |  |  |  |  |
| Reply Brief |  | x | 18 | 4 | 72 | $18.00 | $18.00 |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | TOTAL | $673.50 REQUESTED | $ $668.50 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Signature: _[signature]_

Attorney Name: __Daniel A. Bushell__
(Type or print your name)

E-mail: __dan@bushellappellatelaw.com__

Street Address/City/State/Zip: __1451 W. Cypress Creek Road, Suite 300, Fort Lauderdale, FL 33309__

Date Signed: __September 13, 2024__

Attorney for: __Marcia McManus__
(Type or print name of client)

Phone: __954-666-0220__

---

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ __$668.50__ against __Appellees__

and are payable directly to __Appellants__

David J. Smith, Clerk of Court

Issued on: __ISSUED AS MANDATE: 10/01/2024__  By: __/S/ Tresa A. Raines__  DATE: __9/16/2024__
Deputy Clerk

BOC Rev.: 6/17